TOEBBEN, APPELLANT, *v.* CAMPBELL ET AL., APPELLEES.

(No. 404—Decided October 13, 1970.)

*Mr. Ernest Caroseli,* for appellant.
*Messrs. Walker, Bradford & Hill,* for appellees.

HILDEBRANT, J. This appeal on questions of law and fact is from the refusal of the trial court to grant specific performance of a written option agreement for the purchase and sale of certain of defendants' real estate.

The amended petition alleges the execution by all parties of the written agreement and sets it forth in full, the notice of exercise of the option to defendants, their refusal to comply, and the payment of the balance of the purchase price into court with a prayer for specific performance.

The answer admits the execution of the written agreement as alleged and set forth in the petition, and for further answer enters a specific and general denial. The answer then affirmatively alleges the terms of the agreement had not occurred or been complied with and, therefore, the agreement becomes null and void.

The defendant was permitted to testify that he did not want to sell and because of a limited third grade education he didn't understand he was giving an option to buy but did understand that he was giving a first refusal in the event he decided to sell.

Defendant's success in business, his acquisition of a residence plus real estate valued at forty thousand dollars, plus the active cooperation of a wife of substantial education, plus his obtaining certain necessary waivers of third persons not privy to the transaction, all add up to making his claims untenable.

The facts are that the agreement was forged with the collaboration of both the parties, each represented by his own attorney, and changes and additions to the agreement were made at the instance of defendants, including a five thousand dollar increase obtained in the purchase price. The fact that plaintiff waived certain provisions in his favor in no wise prejudiced or affected defendants herein.

From the record before us, the record and exhibits including the written agreement made in the court below and now before this court, we conclude that plaintiff has by clear and substantial evidence shown his right to specific performance of the written option agreement, and a decree requiring defendants to execute and deliver a good and sufficient deed in accordance with the option agreement may be presented accordingly.

*Judgment accordingly.*

SHANNON, P. J., and HESS, J., concur.